UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| THADDEUS JOHNSON, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) ) ) |  |  |
| v. | ) ) | No.: | 3:24-CV-204-KAC-JEM |
| FNU BROCK, BRIAN ELLERS, FNU SHATLEY, FNU SWALLOW, and FNU GEAR, | ) ) ) ) ) ) ) |  |  |
| Defendants. | ) |  |  |

**MEMORANDUM AND ORDER**

Plaintiff Thaddeus Johnson, a prisoner incarcerated in the Northeast County Correctional Complex ("NECX"), is proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 [*See* Doc. 8]. Plaintiff's Amended Complaint is before the Court for screening under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons below, the Court **DISMISSES** the Amended Complaint for failure to state a claim upon which relief may be granted.

I.  **PLRA SCREENING STANDARD**

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citations omitted). Accordingly, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. And conclusory and formulaic recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. ALLEGATIONS OF AMENDED COMPLAINT

At approximately 1:30 p.m. on March 21, 2024, "Cert" members Defendant Brock, Swallow, Shatley, and Gear entered Plaintiff's single-man cell in Unit 1 at the NECX and used "excessive force" to "forcibly remove[]" Plaintiff from the cell after he "refused to move cells due to fearing for [his] safety" [Doc. 9 at 2, 5]. Plaintiff told the Cert members that he feared for his safety from the Vice Lords after changing his gang affiliation "from Vice Lords to JYD" [*Id*. at 2]. But the Cert members removed Plaintiff from his cell in Unit 1, took him to the infirmary, and then moved him into a cell in Unit 4 with a Vice Lords member [*Id.* at 2]. Plaintiff's cellmate "violently assaulted" him later that day [*Id.* at 2]. Plaintiff sustained a "[b]usted lip"—either as a result of the Cert team's extraction or the cellmate's assault [*Id.* at 6].

Plaintiff filed his Amended Complaint against Warden Brian Ellers individually and Cert members Brown, Swallow, Shatley and Gear in their respective individual capacities [*Id.* at 3-4].

2

He seeks an award of $300,000 from each Defendant and transfer to the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee [*Id.* at 2, 6].

### III. ANALYSIS

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Plaintiff alleges that Defendants' conduct violates the Eighth Amendment's prohibition against "cruel and unusual punishment" [*Id.* at 4]. *See* U.S. Const. amend VIII. More specifically, liberally construing Plaintiff's Amended Complaint, he (1) advances facts that Defendants violated his Eighth Amendment rights by failing to protect him and (2) expressly states that Defendant's used "excessive force" against him [*See* Doc. 9 at 2].

As the Court previously explained, the Eighth Amendment's prohibition on "cruel and unusual punishment" "'places duties' on prison officials." [*See* Doc. 8 at 5 (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994))]. Officials are required to "take reasonable measures to guarantee the safety of" inmates. *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

> "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. "For a failure-to-protect claim to lie against a prison official, the plaintiff must show that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious harm; and (2) the official acted with deliberate indifference to inmate safety, meaning the official was subjectively aware of the risk and fail[ed] to take reasonable measures to abate it." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (citations and quotations omitted) (alteration in original).

[Doc. 8 at 5].

The fact that Plaintiff renounced a certain gang affiliation and was later housed with a member of that gang is not alone enough to impose liability on Defendants. The Amended Complaint must allege non-conclusory facts from which the Court could plausibly infer that (1) a relevant official was actually aware of the risk to Plaintiff from housing him in the manner alleged in the Amended Complaint and (2) the relevant official failed to take reasonable measures to abate the risk. *See, e.g., Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 483 (6th Cir. 2020) ("The failure to alleviate a significant risk that an officer 'should have perceived but did not' is insufficient for a claim of deliberate indifference." (quoting *Farmer*, 511 U.S. at 838)). That, the Amended Complaint fails to do.

The Amended Complaint does not identify any facts from which the Court could infer that any named Defendant was subjectively aware of any hostility or threats between Plaintiff and any other inmate, or group of inmates [*See* Doc. 9]. And merely housing Plaintiff with a member of another gang after Plaintiff voiced a generalized concern about compatibility is insufficient to give rise to an Eighth Amendment claim. *See, e.g., Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992) ("The fact that the defendants knew that [the prison] housed many violent prisoners and that prison violence did occur is not sufficient to constitute deliberate indifference."); *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013) ("[A]mong other problems, 'the number of gang members housed and the high representation of certain gangs would place an unmanageable burden on prison administrators were they required to separate inmates by gangs.'" (quoting *Mayoral v. Sheahan*, 245 F.3d 934, 939 (7th Cir. 2001) (alterations omitted))). Because Plaintiff's allegations fail to "nudge[] [this claim] across the line from conceivable to plausible[,]"the Court **DISMISSES** this claim. *See Twombly*, 550 U.S. at 570.

Second, Plaintiff alleges that Defendants subjected him to "excessive force" in removing him from his cell in Unit 1 [Doc. 9 at 2]. Where a prisoner alleges that an official used excessive force against him, courts must examine two issues to determine whether the force violated the Eighth Amendment: (1) "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm" and (2) whether the conduct, in context, is sufficient serious to offend "contemporary standards of decency." *Hudson v. McMillan*, 503 U.S. 1, 6, 9 (1992) (citations omitted). Here, the Amended Complaint merely states as a legal conclusion that "excessive force was used" against Plaintiff [*See* Doc. 9 at 2]. The Amended Complaint does not include sufficient factual allegations to support that legal conclusion [*See id.*]. Without more, this claim is not plausible. *See Twombly*, 550 U.S. at 556 (concluding that "bare assertion" of a claim "will not suffice"). Therefore, the Court **DISMISSES** this claim.

## IV. CONCLUSION

As described above, Plaintiff's Amended Complaint [Doc. 9] fails to state a claim upon which relief may be granted under Section 1983. Accordingly, the Court **DISMISSES** this action under 28 U.S.C. §§ 1915(e)(2) and 1915A. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

**SO ORDERED.**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge